**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NICOLE P. ERAMO** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **Case No.** |
| **v.** ) | |
| ) | <u>**Underlying litigation**</u>**:** |
| **ROLLING STONE LLC,** ) | *Eramo v. Rolling Stone, LLC, et al.,* |
| **SABRINA RUBIN ERDELY, and** ) | **Case No. 3:15-cv-00023-GEC, in the** |
| **WENNER MEDIA LLC,** ) | **United States District Court for the** |
| ) | **Western District of Virginia** |
| **Defendants.** ) | |

**NICOLE ERAMO'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO
COMPEL NONPARTY RESPONDENT NATIONAL ORGANIZATION FOR WOMEN
<u>TO COMPLY WITH RULE 45 SUBPOENA</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ................................................................................................................. 1

CONCISE STATEMENT OF FACTS ................................................................................. 3
    I.    Nicole Eramo's Underlying Defamation Action Against Rolling Stone ..................... 3
    II.   The Subpoena to NOW.................................................................................................. 8

ARGUMENT ......................................................................................................................... 10
    I.    The Subpoena Seeks Relevant Documents Within the Permissible Scope of
Discovery..................................................................................................................... 11
    II.   The Subpoena Is Not Unduly Burdensome ................................................................ 13

CONCLUSION ...................................................................................................................... 14

# TABLE OF AUTHORITIES

**CASES**

*Amick v. Ohio Power Co.*
  No. 2:13-cv-06593, 2013 WL 6670238 (S.D.W.Va. Dec. 18, 2013) ...................................... 14

*Castle v. Jallah*
  142 F.R.D. 618 (1992). ...................................................................................................... 11

*F.T.C. v. Carter*
  636 F.2d 781 (D.C. Cir. 1980) ........................................................................................... 13

**RULES**

Fed. R. Civ. P. 26(b)(1),......................................................................................................... 11

Fed. R. Civ. P. 45(a) .............................................................................................................. 11

Fed. R. Civ. P. 45(d)(2)(B)(i). ................................................................................................ 10

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Movant Nicole Eramo, Plaintiff in the case of *Eramo v. Rolling Stone LLC, et al.*, No. 3:15-cv-00023-GEC, in the United States District Court for the Western District of Virginia ("Defamation Action"), files this Memorandum of Law in Support of her Motion to Compel Nonparty Respondent National Organization for Women ("Respondent" or "NOW") to Comply with her Rule 45 Subpoena. Movant Eramo requests an order directing the Respondent to comply with her Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") requiring the production of documents, which was served on the Respondents on May 3, 2016 (Attached hereto as Ex. A.).

Respondent NOW is an American feminist organization devoted to supporting and advocating on behalf of women. NOW published an open letter to University of Virginia ("UVA") President Teresa Sullivan ("Open Letter") on its website on January 6, 2016 that was critical of Movant's efforts to obtain, through an ordinary document subpoena, highly relevant documents from "Jackie."[1] "Jackie" was the central figure and main source for an article published in *Rolling Stone* magazine in November 2014 entitled, "A Rape on Campus: A Brutal Assault and Struggle for Justice at UVA." In the Defamation Action, Movant Eramo alleges that Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC defamed Plaintiff Nicole Eramo in that article and in subsequent media statements by claiming that Eramo, Associate Dean of Students at UVA, failed to respond to, and attempted to suppress, "Jackie's" claim that she was the victim of a gang rape at a fraternity at the University of

---

[1] "Jackie's" counsel has requested that Movant Eramo refrain from revealing "Jackie's" full name in court filings. Despite the fact the "Jackie's" full name has already been widely published online, and despite the fact that "Jackie" voluntarily chose to publicize an incontrovertibly false story in a prominent national magazine, Movant has honored that request in this and all other filings.

Virginia.  After the *Rolling Stone* article was published, "Jackie" and *Rolling Stone's* published claims were critically examined by numerous entities — including the fraternity accused of perpetrating the assault, the *Washington Post*, the Columbia Journalism Review, countless other media entities, and the Charlottesville Police Department — and conclusively proven to be false.

"Jackie" vehemently resisted producing any documents in response to Movant's Rule 45 subpoena but, after significant motions practice made necessary by her intransigence, Chief Judge Glen Conrad of the U.S. District Court for the Western District of Virginia ordered "Jackie" to produce relevant materials.  It was during this extensive motions practice that NOW, apparently acting in concert with Jackie's lawyers, issued the Open Letter.

Movant Eramo issued a valid and proper Rule 45 Subpoena to NOW, which is located in Washington, D.C., on May 3, 2016.  The Subpoena seeks communications between NOW and Jackie's counsel, both the Central Virginia Legal Aid Society ("CVLAS") and Stein Mitchell Cipollone Beato & Missner LLP ("Stein Mitchell"), related to the Open Letter.  NOW has acknowledged that it has no responsive communications with CVLAS, but has refused to provide any documents whatsoever in response to Movant's demand for communications between NOW and Stein Mitchell, arguing that its communications with Stein Mitchell are irrelevant to the Defamation Action, that they are sought for improper purposes, and that production of the communications would be unduly burdensome.

Respondent's objections should be overruled and Respondent should be directed to comply with the Subpoena.  Although Movant agrees with Respondent that the NOW letter has no bearing on the truth or falsity of the statements in *Rolling Stone's* article and should not be admissible in the underlying Defamation Action, Movant had no choice but to seek discovery regarding the origin of the NOW letter – and the role Jackie's counsel played in its provenance

and drafting – because Defendants in the Defamation Action have unequivocally stated that they believe the letter to be relevant and that they will seek to use it as evidence at summary judgment and at trial.   Therefore, Movant must be permitted to discover communications regarding the letter, particularly as they relate to Respondent's motivation for publishing it, and to what information Respondent did or did not receive from Stein Mitchell and CVLAS.   Thus, Movant's Subpoena seeks "relevant" documents because Defendants in the Defamation Action assert that the contents of the letter are relevant. Because the Subpoena seeks relevant documents and NOW has not asserted any meritorious objections to the Subpoena, the Subpoena should be enforced.

## CONCISE STATEMENT OF FACTS

**I.      Nicole Eramo's Underlying Defamation Action Against Rolling Stone.**

On May 12, 2015, Nicole P. Eramo filed a defamation Complaint in the Circuit Court for the City of Charlottesville against Defendants Rolling Stone, LLC, Wenner Media, LLC, and Sabrina Rubin Erdely ("Defendants").   (Compl., *Eramo v. Rolling Stone LLC, et al*., No. 3:15-cv-00023-GEC (in the United States District Court for the Western District of Virginia) (May 12, 2015), Dkts. 14-1 and 14-2 ("Complaint" or "Compl.") (Attached hereto as Ex. B).) On May 29, 2015, Defendants removed the action to the United States District Court for the Western District of Virginia.   (*See* Notice of Removal of Action, *Eramo v. Rolling Stone LLC, et al*., Case No. 3:15-cv-00023-GEC (United States District Court for the Western District of Virginia) (May 29, 2015), Dkt. 1.)   The Defamation Action is currently pending there before Chief Judge Glen E. Conrad.

Plaintiff Nicole Eramo is an Associate Dean of Students at the University of Virginia ("UVA").   (Compl. ¶ 17.)   Defendants Rolling Stone LLC and Wenner Media LLC are the publishers of *Rolling Stone* magazine.   (*Id.* ¶¶ 18, 20.)   Defendant Sabrina Rubin Erdely is a reporter and Contributing Editor for *Rolling Stone*.   (*Id.* ¶ 19.)   On November 19, 2014,

Defendants published an article entitled, "A Rape on Campus: A Brutal Assault and Struggle for Justice at UVA" (hereinafter, "the Article"). *(Id. ¶ 45.)*

The Article begins with a graphic depiction of the violent gang rape of a UVA freshman — called "Jackie" in the Article — at a fraternity house at UVA, which the Article claims occurred on September 28, 2012. *(Id. ¶ 46.)* The Article claims that Jackie was invited to a fraternity date function by a coworker at the UVA student pool, who then lured Jackie in a bedroom upstairs and coordinated an assault in which seven men took turns sexually assaulting Jackie over the course of three hours on top of a pile of broken glass. *(Id. ¶ 47.)* None of the alleged rapists are identified in the Article. *(Id. ¶ 83.)* According to the Article, a bloodied and bruised Jackie left the fraternity house at 3 a.m. and called several friends, who urged her not to report this violent gang rape because they worried it could hurt their social standing at UVA. *(Id. ¶¶ 48-50.)*

The Article then goes on to describe Jackie's interactions with Movant Eramo, who was the head of UVA's Sexual Misconduct Board. *(Id. ¶¶ 54-71.)* While Jackie is cast as the protagonist of the Article, Movant is cast as the villain. The Article claims that after Jackie reported her assault to UVA, Movant abused Jackie, discouraged Jackie from reporting her gang rape, intentionally coddled Jackie into doing nothing, and took no action in response to Jackie's report — all, allegedly, to protect UVA's reputation. *(Id. ¶¶ 54-65.)* In subsequent media appearances, the reporter, Ms. Erdely, further claimed that Movant "brushed off" Jackie, "did nothing," sought to "suppress" Jackie's sexual assault, failed to report it to police, and "discouraged" Jackie from formally pursing the allegations. *(Id. ¶¶ 77-80.)*

The Article caused a media firestorm immediately upon its release. *(Id. ¶ 1.)* It was viewed online over 2.7 million times, was widely shared on social media sites like Facebook, and

was discussed ad nauseum on television and radio talk shows.  (*Id.*)  The public was outraged that a major university would seek to conceal a violent sexual assault in order to avoid the consequences of bad publicity.  As a result of *Rolling Stone's* Article, Movant Eramo's sterling reputation as a fierce advocate and supporter of sexual assault victims was destroyed.  (*Id.* ¶¶ 26-34, 202-207.)  Movant was excoriated on television and on the Internet, and received vicious and threatening emails from strangers accusing her of intentionally suppressing student rapes in order to protect UVA's reputation.  *(Id.* ¶¶ 202-207.)*

Eventually, the Article — and critical components of Jackie's story forming the centerpiece of the Article — were proven to be almost entirely fictional.  Within two weeks of its publication, the fraternity named as the site of Jackie's gang rape produced evidence demonstrating that there was no "date function" or any other gathering at the fraternity on the night that *Rolling Stone* claimed the attack occurred, and that no members of the fraternity matched the description given of Jackie's chief assailant.  (*Id.* ¶ 90.)  During Erdely's media tour to capitalize on the publicity surrounding the Article, it became apparent that Erdely had not interviewed or attempted to interview any of the alleged attackers or the three friends that supposedly met with Jackie on the night of the assault.  (*Id.* ¶¶ 85-88.)  As more media outlets began to investigate, other components of Jackie's story fell apart, and evidence emerged that she invented and/or exaggerated key components of it to gain the sympathy of a man she was romantically interested in and to cover for her failing grades.  (*Id.* ¶¶ 56, 93-94.)  On December 6, 2014, a group of students who had direct personal experience with Movant Eramo — including Jackie and other students who were interviewed by Erdely — wrote an open letter to the *Cavalier Daily* newspaper decrying *Rolling Stone's* false portrayal of Movant and lauding her work on behalf of sexual assault victims.  (*Id.* ¶ 179.)

On December 5, 2014 *Rolling Stone* issued a statement acknowledging "discrepancies" in Jackie's account, blaming Jackie for misleading Erdely, and claiming that their trust in Jackie had been "misplaced."[2]  A report commissioned by *Rolling Stone* itself described the article as a "journalistic failure," and concluded that *Rolling Stone* "set aside or rationalized as unnecessary essential practices of reporting." (*Id.* ¶ 14.)  Commentators have called the Article "a disgrace" and "bogus journalism." (*Id.*)

In her Complaint, Movant Eramo alleges that Rolling Stone LLC, Wenner Media LLC, and Sabrina Rubin Erdely defamed her by, among other things, claiming that she abused Jackie, claiming that she discouraged Jackie from sharing her story, claiming that she said UVA hides its rape statistics so as not to be seen as "the rape school," claiming that she "brushed off" Jackie, claiming that she "did nothing" in response to hearing Jackie's allegations, claiming that she did not report Jackie's allegations to the police, claiming that she sought to "suppress" Jackie's allegations, claiming that she encourages sexual assault victims to keep their rapes quiet, claiming that she did not act on Jackie's allegations in any way, and claiming that she met Jackie's allegations with "indifference." (*See generally* Compl.)  Movant further alleges that Erdely and *Rolling Stone* purposely avoided evidence indicating that their statements about Movant were false, and in particular, ignored numerous "red flags" which indicated that Jackie was a fabulist and an unreliable source of information. (*Id.* ¶¶ 9-11, 126-183.)  In their Answer, *Rolling Stone* and Erdely deny that they acted with negligence or actual malice, and deny that they had any indications prior to publication that Jackie was an unreliable source. (*See generally*

---

[2] *See* Krishnadev Calamur, *'Rolling Stone' Says Trust In Gang-Rape Accuser Was 'Misplaced'*, NPR (Dec. 5, 2014, 1:46 PM), *available at* http://www.npr.org/sections/thetwo-way/2014/12/05/368748289/rolling-stone-says-trust-in-gang-rape-accuser-was-misplaced.

Answer, *Eramo v. Rolling Stone, LLC*, Case No. 3:15-cv-00023-GEC (United Stated District Court for the Western District of Virginia) (July 26, 2015), Dkt. 27.)

On July 27, 2015, Plaintiff served Respondent Jackie with a document subpoena pursuant to Federal Rule of Civil Procedure 45, demanding that she produce documents related to her communications with Sabrina Rubin Erdely, *Rolling Stone*, UVA, and others regarding her claimed sexual assault and her interactions with Movant that were the subjects of the Article. (*See generally* Pl.'s Mem. In Support of Her Mot. To Compel Nonparty Resp't Jackie's Compliance with Rule 45 Subpoena, *Eramo v. Rolling Stone LLC,* No. 1:15-MC-35-EBL/IDD (Nov. 13, 2015), Dkt. 2 ("Mot. To Compel").)   On November 13, 2015, Movant Eramo filed a motion to compel Jackie to comply with the Rule 45 Subpoena in the United States District Court for the Eastern District of Virginia, the district where Jackie resides.   (*See* Mot. to Compel).   On December 9, 2015, that motion was transferred to the United States District Court for the Western District of Virginia.   (*See* Transfer Order to W.D. Va., *Eramo v. Rolling Stone LLC,* No. 1:15-MC-00035-EBL-IDD (Dec. 9, 2015), Dkt. 16.)

On January 6, 2016, in the midst of "Jackie's" attempt to avoid producing these highly relevant documents, NOW published "An Open Letter to UVA President Teresa A. Sullivan" ("Open Letter") on its website.[3]  The Open Letter, addressed to UVA President Teresa A. Sullivan, grossly mischaracterized Movant Eramo's actions and intent in issuing a valid subpoena on Jackie and unjustifiably criticized Movant's legitimate efforts to enforce the valid subpoena.  The Open Letter erroneously associated asking for documents from the central figure of the Article – Jackie – with somehow preventing sexual assault victims from reporting their attacks and called on President Sullivan and UVA to "stop" Movant from seeking these relevant

---

[3] Terry O'Neill, Dian Egozcue, Tannis Fuller, "An Open Letter to UVA President Teresa A. Sullivan," (Jan. 6, 2016), available at http://now.org/media-center/press-release/an-open-letter-to-uva-president-teresa-a-sullivan/ (Attached hereto as Ex. C).

documents.   Upon information and belief, counsel for Jackie, including attorneys at Stein Mitchell, contacted NOW to encourage and assist with the drafting and publication of the Open Letter in order to manufacture public support for Jackie's defiance of Movant's legitimate and appropriate discovery requests.

On January 25, 2016, Judge Glen E. Conrad of the United States District Court for the Western District of Virginia entered an Order granting in part and denying in part Movant's motion to compel Jackie to produce documents.  (*See* Court Order, *Eramo v. Rolling Stone LLC*, No. 3:15-MC-00011 (Jan. 25, 2016), Dkt. 35 ("Jan. 25, 2016 Order").)  The Court granted the motion in full or in part with respect to each category of documents sought by Movant, but denied the motion in part by limiting certain document demands in scope and/or temporally.  (*See* Mem. Op., *Eramo v. Rolling Stone LLC, et al.*, No. 3:15-mc-00011 (Jan. 25, 2016), Dkt. 34.)

The *Rolling Stone* Defendants have directly and indirectly indicated that they believe that the Open Letter is relevant evidence in the Defamation Action.  Defendants have questioned several witnesses about the Open Letter in depositions and have used the Open Letter as an exhibit in several depositions.  Most recently, Defendants stated that they believe the Open Letter to be relevant and that they will reserve the right to attempt to introduce the Open Letter in support of their defenses "either on summary judgment and/or in connection with any trial." (*See* Email from Elizabeth McNamara to Thomas Clare (May 18, 2016, 12:42 PM EDT) ("May 18, 2016 Email") (Attached hereto as Ex. D)).

## II.    The Subpoena to NOW.

On May 3, 2016, Movant Eramo served NOW with a Subpoena pursuant to Federal Rule of Civil Procedure 45, demanding that it produce documents related to its communications with CVLAS and Stein Mitchell.  Specifically, the Subpoena sought:

1.      All communications between you and The CVLAS including but not limited to Palma Pustilnik and/or palma@cvlas.org, relating to Nicole P. Eramo, Jackie, UVA, Rolling Stone, The Article, The Lawsuit, or The Subpoena.

2.      All communications between you and The Stein Mitchell Law Firm, including but not limited to Rebecca Anzidei, Phil O'Beirn, ranzidei@steinmitchell.com, and/or pobeirne@steinmitchell.com, relating to Nicole P. Eramo, Jackie, UVA, Rolling Stone, The Article, The Lawsuit, or The Subpoena.

(Subpoena, Ex A. at 5.)

NOW responded to the Subpoena on May 13, 2016 with only objections.  (*See* Third Party Resp't's Objections and Responses to Pl.'s Subpoena (May 13, 2016) ("Subpoena Response") (Attached hereto as Ex. E).)  In its response, NOW stated that it had no responsive documents to Demand No. 1 and therefore no communications with CVLAS related to the Open Letter.  (*See id*.)  However, NOW admitted to possessing "communications between NOW and The Stein Mitchell Law Firm relate[d] to [the] NOW Open Letter," but objected to producing responsive documents on the grounds that the communications are not relevant and that the Subpoena imposes an undue burden.  (*Id*.)  Additionally, NOW contended incorrectly that the Subpoena's "sole purpose" was for "burdening and embarrassing NOW in retaliation for its public criticism of Dean Eramo and the University."  (*Id*.)  On June 3, 2016, counsel for Movant contacted NOW's counsel to meet and confer regarding the Subpoena and notified NOW of Defendants' intent to use the Open Letter as evidence.  (*See* Letter from Thomas Clare to Joseph Sandler (June 3, 2016) (Attached hereto as Ex. F).)  On June 7, 2016, NOW responded to Movant's letter reaffirming its original objections and restating its refusal to provide responsive documents.  (*See* Letter from Joseph Sandler to Thomas Clare (June 7, 2016) (Attached hereto as Ex. G).)  The parties were unable to resolve NOW's objections to the Subpoena.  The instant motion followed.

Because NOW's offices and headquarters are located in Washington, D.C. and compliance with the Subpoena was required in the District of Columbia, Movant has filed the instant Motion in this Court seeking an order directing NOW to comply with the Subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

## <u>ARGUMENT</u>

"Jackie" knowingly and voluntarily told a false story to a reporter for a major national magazine, with full knowledge that her claims would be nationally published and widely read. She and her story of sexual assault were the centerpieces of the defamatory Article that is the subject of Movant Eramo's Defamation Action, and as such, Movant necessarily requested documents in Jackie's possession that are highly relevant to that action – a legitimate third-party document subpoena ultimately upheld by the Court. The Open Letter not only unfairly questioned Movant's motives in seeking these documents from Jackie, but also defiantly declared that Jackie was a sexual assault survivor and victim despite the overwhelming evidence contradicting that fact. Defendants in the Defamation Action have questioned key witnesses about the Open Letter during deposition testimony and have unequivocally stated their intention to use the Open Letter as evidence to support their forthcoming motion for summary judgment as well as at trial. (*See* May 18, 2016 Email.) The communications between Stein Mitchell – Jackie's counsel – and NOW concerning the Defamation Action are therefore relevant and discoverable in order to show that the Open Letter was a strategic public relations plan initiated by Jackie's counsel to discredit Movant -- and that Jackie's attorneys were directly involved in the origin and drafting of the misleading statements made in the Open Letter. Therefore, these communications must be produced.

First, as demonstrated below, the documents sought from NOW are relevant to the defenses asserted by the *Rolling Stone* Defendants in the Defamation Action pending in the United States District Court for the Western District of Virginia and therefore were not served on Respondent for improper purposes.  Because Defendants have explicitly argued that the contents and existence of the letter are relevant and admissible — a contention Movant does not agree with — Movant must be permitted to explore the involvement of Jackie's counsel in the origin, drafting, and publication of the Open Letter.  Second, NOW's claim that the Subpoena is unduly burdensome fails on its face, as the Subpoena is highly targeted and seeks only a discrete set of specific communications relating only to the Open Letter.  Accordingly, Respondent should be ordered to comply with the Subpoena.

## I.      The Subpoena Seeks Relevant Documents Within the Permissible Scope of Discovery.

All of the documents sought by the Subpoena are relevant to the pending defamation action.  Under Rule 45, a party to an action may serve a nonparty with a subpoena demanding the production of documents.  Fed. R. Civ. P. 45(a).  The scope of permissible discovery via a Rule 45 subpoena is coextensive with that of a request for production from a party under Rule 34, which is to say that discovery may be had from a nonparty as authorized by Rule 26.  *Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D. Va. 1992).  Pursuant to Rule 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any part[ies] claim[s] or defense[s]," and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1), *see also Castle*, 142 F.R.D. at 620.  Moreover, the burden is on the nonparty objecting to the subpoena to show why discovery should not be allowed.  *Castle*, 142 F.R.D. at 620.

The Subpoena seeks only external communications between Stein Mitchell and NOW regarding the substance of the Open Letter:  Movant Eramo, "Jackie," UVA, *Rolling Stone*, the Article, the Defamation Action, and the subpoena issued to "Jackie."  (Subpoena, Ex. A ¶ 1.)  As noted previously, the Defendants have questioned witnesses about the Open Letter in several depositions and unequivocally stated to Movant's counsel that they plan on using the Open Letter during several forthcoming stages in the pending defamation action, including summary judgment and at trial.  (*See* May 18, 2016 Email.)

While Movant believes that the Open Letter is inadmissible in this case on several grounds, Movant must be able to prepare for Defendants' attempted use of the Open Letter and rebut the erroneous conclusions Defendants plan to draw from the Open Letter at all upcoming stages of the Defamation Action.  In order to do so, Movant issued her Subpoena to NOW regarding its communications with Stein Mitchell related to the Open Letter to discover the role Jackie's counsel played in the publication of the Open Letter.  These communications are relevant to show that the unfounded criticisms of Movant in the Open Letter are not NOW's own beliefs, but rather a publicity stunt manufactured by Jackie's counsel to attack Movant and undermine her efforts to obtain relevant discovery from Jackie.  The fact that Jackie's counsel encouraged and participated in the drafting and publication of the Open Letter, which includes direct attacks on Movant's treatment of sexual assault victims and defends the now debunked conclusions the Defendants make in the Article, shows that the Open Letter is not a trustworthy and independent analysis of the Article or Movant's motivations in her subpoenaing Jackie.  As such, evidence that shows collaboration between NOW and Stein Mitchell is and will be highly relevant to discredit the Open Letter in the unlikely event that the Open Letter should be deemed admissible in the Defamation Action.

In addition, because the Subpoena seeks documents that are highly relevant in the event that the Open Letter is deemed admissible, Movant is not "[s]eeking irrelevant documents for an improper purpose," as the Respondent claims.   (*See* Subpoena Response.)   A subpoena is enforceable and not administered for improper purposes where the information sought is relevant, regardless of any other alleged purposes for seeking the information.   *See F.T.C. v. Carter*, 636 F.2d 781, 789 (D.C. Cir. 1980).

Movant unequivocally and only issued the Subpoena for a proper purpose:   to obtain highly relevant documents in the event that the Open Letter is deemed admissible.   The fact that the Rolling Stone Defendants have claimed the Open Letter is relevant and seek to exploit the Open Letter and the manufactured controversy and use the Open Letter in support of their own defenses against Movant belies Respondent's claim of improper motives.   Movant is entitled to explore the origin, creation, and motives of any document claimed to be relevant by the Defendants.   As such, she must also be entitled to "pressure test" the role that a litigant and highly-interested party – "Jackie" – had in manufacturing and crafting the Open Letter. NOW also voluntarily and gratuitously chose to inject itself into these proceedings by collaborating with a third-party litigant – "Jackie" – and her counsel – Stein Mitchell – to create the Open Letter and manufacture "evidence" for "Jackie" to submit to the Court in support of her position in the discovery dispute.   NOW has consciously "chosen sides" in this matter in support of "Jackie" and therefore should have anticipated such a request for documents. Therefore, Movant's Subpoena to NOW was issued for only proper purposes and NOW must produce documents responsive to the Subpoena.

## II.    The Subpoena Is Not Unduly Burdensome.

NOW also claims that the very narrow set of documents sought are unduly burdensome. This objection also lacks merit.   The Subpoena seeks external communications between two

organizations – NOW and Stein Mitchell – related to a very specific and narrow set of topics. The Subpoena will require no more than standard, simple searches of a few emails and other electronic messages at NOW. NOW is itself a major organization with significant resources.  It has also retained the law firm Sandler Reiff Lamb Rosenstein & Birkenstock, P.C., a major Washington, D.C. law firm that has the experience and resources to assist NOW in reviewing and producing a modest amount of documents.  (*See* Subpoena Response.) Unsurprisingly, NOW's Subpoena Response fails to offer any explanation as to why responding to Movant's subpoena would be unduly burdensome.  *See Amick v. Ohio Power Co.*, No. 2:13-cv-06593, 2013 WL 6670238, at *1 (S.D.W.Va. Dec. 18, 2013) (a party asserting an "unduly burdensome" objection bears the burden of demonstrating how the discovery sought is overly burdensome).

Likewise, given the relevant nature of the documents sought as noted above, the very small burden imposed on NOW to produce these documents is greatly outweighed by their importance in rebutting Defendants' anticipated claims about the Open Letter.  As such, these objections are meritless and NOW must comply with Movant's Subpoena and produce its communications with Stein Mitchell.

## CONCLUSION

For the foregoing reasons, Nicole Eramo respectfully requests that the Court issue an order directing the National Organization for Women to comply with with her Rule 45 Subpoena.

Dated:  June 10, 2016                    Respectfully submitted,


                                        By: */s/ Thomas A. Clare*_____
                                        Thomas A. Clare (DC Bar No. 461964)
                                        Elizabeth M. Locke (DC Bar No. 976552)
                                        Andrew C. Phillips (DC Bar No. 998353)

Dustin A. Pusch (DC Bar No. 1015069)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
andy@clarelocke.com
dustin@clarelocke.com

*ATTORNEYS FOR PLAINTIFF NICOLE ERAMO*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Nicole Eramo's Memorandum of Law in Support of her Motion to Compel Nonparty Respondent the National Organization for Women to Comply with Rule 45 Subpoena was served on the below counsel on June 10, 2016, via the Court's electronic filing system.

Joseph E. Sandler
SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.
1025 Vermont Ave NW, Suite 300
Washington, D.C. 20005
Telephone: (202) 479-1111
Fax: (202) 479-1115
Email:  sandler@sandlerreiff.com

*Attorneys for Respondent the National Organization for Women*

Michael John Finney
William David Paxton
Gentry Locke Rakes & Moore
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9373
Telephone: (540) 983-9334
Fax: (540) 983-9400
Email: finney@gentrylocke.com
Email: paxton@gentrylocke.com

Elizabeth A. McNamara
Samuel M. Bayard
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Fax: (212) 489-8340
Email: lizmcnamara@dwt.com
Email: samuelbayard@dwt.com

Alison B. Schary (admitted pro hac vice)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401

Telephone: (202) 973-4248 Fax: (202) 973-4448
E-mail: alisonschary@dwt.com

*Attorneys for Defendants Rolling Stone LLC,*
*Sabrina Rubin Erdely, and Wenner Media LLC*

Benjamin Gaillard Chew
MANATT, PHELPS & PHILLIPS, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, DC 20036-5303
Telephone:  (202) 585-6511
Email:  bchew@manatt.com

*Attorney for Defendant Sabrina Rubin Erdely*

Dated:  June 10, 2016                     By: */s/ Thomas A. Clare*_____
                                                          Thomas A. Clare